COMMONWEALTH v. FITCH.(*c*)

*Forcible entry.*

The inquisition in a case of forcible entry and detainer, stated, that A. "was possessed in his demesne as of fee, &c., and continued so seised and possessed," until "he was thereof disseised :" *Held*, that it was not error.

CERTIORARI, to remove the judgment and proceedings in a case of forcible entry and detainer, from Luzerne county. The inquisition stated, "that Nathan Beach was possessed in his demesne as of fee, &c., and continued so seised and possessed, until the defendant did enter, and him the said Nathan Beach thereof disseised," &c.

It was objected, that the prosecutor is stated to have been only possessed of the premises, whereas, the evidence proved him to have been seised. But—

BY THE COURT.—There is some informality in the expressions ; but

---

(*c*) s. c. 3 Yeates 49.

[1] A riparian owner is only entitled, as against a lower proprietor, to the use of so much of the stream as will not materially diminish its quantity, nor corrupt its quality. Wheatley v. Chrisman, 24 Penn. St. 298. He has no right to pollute the stream so as to render it unfit for domestic purposes. Sanderson v. Pennsylvania Coal Co., 86 Id. 401; s. c. 94 Id. 302. But he may use the water for ordinary, reasonable domestic purposes, even to exhaustion. Slack v. Marsh, 11 Phila. 543.

surely, stating that the prosecutor was disseised, necessarily implies a previous seisin. (a)

Judgment affirmed.

---

(a) This was not the principle upon which the court decided the case: see 3 Yeates 50.

